Reynold D. KLEIN, Plaintiff,

v.

Patrick D. McGOWAN, in his capacity as Sheriff of Hennepin County and in his official capacity, Hennepin County, a political subdivision of the State of Minnesota, Donald J. Omodt, Charles E. Venske, and Donald H. Vodegel, in their official capacities with the Hennepin County Sheriff's Department and in their individual capacities, Defendants.

No. CIV. 97–1915(DWF/AJB).

United States District Court,
D. Minnesota.

Feb. 16, 1999.

Ross F. Plaetzer, Plaetzer Law Office, Minneapolis, MN, for Plaintiff.

Beverly Jean Wolfe, Hennepin County Attorney, Minneapolis, MN, for Defendants.

## MEMORANDUM OPINION AND ORDER

FRANK, District Judge.

This matter is before the Court on Defendants' Motion for Summary Judgment. For the reasons that follow, the Motion is granted.

### I. Background

Plaintiff Reynold "Josh" Klein worked as a Communications Technician Aide ("Tech Aide") in the Communications Division of the Hennepin County Sheriff's Department from May of 1980 until he retired in May of 1996. In August of 1997, he brought this suit, alleging that he was subjected to sexual harassment by supervisors and co-workers alike during his 16–year tenure as a Tech Aide. Named as defendants were Hennepin County; Patrick McGowan, the current County Sheriff; Donald Omodt, the former County Sheriff; Charles Venske, one of Plaintiff's supervisors at the Communications Division; and Donald Vodegel, formerly a Captain in the Sheriff's Department. The individual defendants were sued both in their individual and official capacities.

The Amended Complaint contained four counts. Plaintiff has now voluntarily dis-

missed counts three and four, which alleged intentional infliction of emotional distress and a violation of the Minnesota Human Rights Act. Plaintiff has also dismissed Defendants McGowan and Omodt from the case. The remaining claims are that Defendants Vodegel and Venske, in their individual capacities, violated 42 U.S.C. § 1983 by depriving Plaintiff of a property interest without due process of law; and that the County created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Defendants have moved for summary judgment on these claims.

## II. Facts

The Communications Division of the Hennepin County Sheriff's Department services and installs communications equipment for Sheriff's Department offices and vehicles. The employees in the Division are almost exclusively male, aside from one or two female secretaries. As a Lead Technician, Mr. Venske was the supervisor for the Technicians and Tech Aides who worked during his shift. It appears that there was at least one other Lead Technician in the Division. Plaintiff worked on Mr. Venske's shift from 1986 until September of 1995; thereafter, Mr. Venske was not Plaintiff's direct supervisor. In 1993, Defendant Vodegel retired from the Department. Although Plaintiff's allegations are sketchy on this point, it appears that, until his retirement, Captain Vodegel was Mr. Venske's direct supervisor.

Plaintiff alleges that he was harassed by both co-workers and supervisors throughout his 16–year tenure at the Communications Division. The harassment allegedly began almost immediately after Plaintiff began working at the Division, but became worse in 1986, when Defendant Venske became Plaintiff's supervisor. Plaintiff alleges that, during his first meeting with Mr. Venske, Mr. Venske told Plaintiff, "If I ever find out you're queer, I'll fire you." Klein Aff. ¶ 15. From then on, Plaintiff claims, he was subjected to harassment ranging from co-workers calling him a "homo," making fun of the car he drove, and expelling flatulence in his work space, to his supervisors installing a bell over his work space and ringing the bell

to upset Plaintiff. Although the harassment allegedly took place for all of his 16 years at the Division, Plaintiff claims that in May of 1996 he could stand it no longer and retired.

There is no assertion by Plaintiff that he used Hennepin County's formal grievance procedures to complain about the harassment at any time during his employment with the Division. Plaintiff complained informally of harassment only one time. In September of 1993, Plaintiff informed Defendant Venske that Plaintiff's co-workers had thrown boxes at him over the lockers in the men's room and had made a remark about Plaintiff knowing "all about [Vaseline]." *See* Klein Aff. ¶ 44; Venske Aff. ¶ 36. Venske reported Plaintiff's complaint to Lt. Bruce Lennox, who distributed a memo regarding harassment to all employees in the Division. *See* Klein Depo. at 329. Plaintiff concedes that he refused to follow formal grievance procedures and sign a formal complaint against the harassers. Klein Aff. ¶ 44. Plaintiff makes no allegation that the remedial actions taken in 1993 were insufficient or ineffective.

## III. Discussion

### A. Standard of Review

Summary judgment is proper if there are not disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The Court must view the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir.1996). However, as the Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R.Civ.P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank,*

92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record which create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir.1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Krenik*, 47 F.3d at 957.

### A. *Title VII claim*

■ In count two of his Amended Complaint, Plaintiff alleges that the County subjected him to a hostile work environment in violation of Title VII, 42 U.S.C. § 2000e *et seq.* To succeed on a claim of sexual harassment under Title VII, Plaintiff's claim must be timely, and Plaintiff must show the following: (1) that he belongs to a protected class; (2) that he was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment affected a term, condition, or privilege of his employment; and (5) that his employer knew or should have known of the harassment and failed to take prompt and appropriate remedial action. *See Noble v. Monsanto Co.*, 973 F.Supp. 849, 854 (S.D.Iowa 1997).

### 1. *Statute of Limitations*

Title VII requires that a plaintiff file a charge with the Equal Employment Opportunity Commission ("EEOC") prior to instituting a lawsuit in federal court. *See* 42 U.S.C. § 2000e–5. The EEOC charge must be filed within 300 days of an act of harassment. Some actionable harassment must have occurred within the 300-day limitations period, but a plaintiff's recovery is not limited to recovery for the actions occurring within the period. If acts of harassment occurred outside the limitations period and were part of a pattern of harassment (a "continuing violation") that included the act occurring within the 300-day period (the "present violation"), then a plaintiff may have a cause of action under Title VII. A plaintiff must, however, prove a present violation in order to succeed in proving a continuing violation.

Plaintiff filed his EEOC charge on January 21, 1997. The only allegedly harassing act occurring within the 300-day period is a deficiency slip issued to Plaintiff by Defendant Venske in March of 1996. This deficiency slip cited Plaintiff for kicking toilet handles. Plaintiff does not dispute that he used his feet to flush the toilet, nor does he dispute that, prior to the issuance of the slip, several toilet handles were broken in the Division men's room. The deficiency slip was not included in Plaintiff's permanent personnel file, and did not result in any demotion or reduction in salary to Plaintiff. Plaintiff insists that the deficiency slip was an act of deliberate harassment, evidencing Mr. Venske's continual harassment of Plaintiff, and as such is part of a pattern of harassment.

■ The Court finds, as a matter of law, that the deficiency slip was not a present violation and, therefore, that Plaintiff's claims of harassment are untimely. Defendants offer a reasonable, non-discriminatory reason for the issuance of the deficiency slip. Plaintiff's insistence that the deficiency slip constituted harassment is belied by his own actions, which he concedes amounted to the conduct for which he received the slip. Even if the deficiency slip constituted a present violation, when viewed in the totality of the circumstances as required by *Quick v. Donaldson Co.*, 90 F.3d 1372 (1996), it does not rise to the level of severe and pervasive conduct that, without some sort of pattern of harassing conduct, would constitute a Title VII violation.

However, Plaintiff has also failed to prove a continuing violation. Prior to the issuance of the deficiency slip, at least 10 months had passed since the last allegedly harassing act. *See* Esensten Aff. (Plaintiff told Captain Esensten that there had been no problems since Captain Esensten came to the Division in May of 1995). Thus, even assuming that the deficiency slip was a present violation, there was clearly no pervasive pattern of harassing conduct in the months leading up to Plaintiff's retirement, and therefore there was no continuing violation. Plaintiff has not met his burden of establishing either a present or

a continuing violation, and thus Plaintiff's Title VII claim is untimely.

### 2. *Prima Facie Case*

Even if Plaintiff's Title VII claims are timely, however, Plaintiff has failed to prove either that the actions of which he complains were so severe and pervasive as to create an abusive working environment, or that the alleged harassment was based on his sex. Thus, his Title VII claims must fail as a matter of law.

### a. *"Severe or Pervasive" Requirement*

Plaintiff has failed to establish that the alleged harassment he suffered was "so severe or pervasive as to alter the conditions of [his] employment and create an abusive working environment." *Faragher v. Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275, 2283, 141 L.Ed.2d 662 (1998). "Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Breeding v. Arthur J. Gallagher & Co.*, 164 F.3d 1151, 1158 (8th Cir.) (quoting *Faragher*, 118 S.Ct. at 2283).

Admittedly, viewing the evidence most favorably to Plaintiff, the conduct alleged went beyond mere teasing or offensive comments. However, the fact that there was cultural intolerance, a lack of decency and civility, and even outright offensive conduct, is insufficient to implicate Title VII. *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). The Court must carefully scrutinize the totality of the circumstances, including the frequency of the allegedly harassing conduct; its severity; whether the conduct was physically threatening or humiliating, or a mere offensive utterance; and whether the conduct unreasonably interfered with Plaintiff's work performance. Having examined the totality of the circumstances, the Court concludes, as a matter of law, that the behavior alleged by Plaintiff, while undoubtedly offensive, rude, and at times culturally intolerant, did not constitute actionable harassment under Title VII.

### b. *"Based on Sex" Requirement*

Even if Plaintiff has established that the actions of which he complains were so severe as to be actionable under Title VII, he cannot establish that the alleged harassment was based on his sex. Thus, Plaintiff's Title VII claims must fail.

The Supreme Court has held that Title VII prohibits only harassment that is "based on sex." Male-on-male sexual harassment can be actionable under Title VII, *see Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998); *see also Quick v. Donaldson Co.*, 90 F.3d 1372 (1996), but no matter what the sex of the harasser or the victim, the harassment must be based on the victim's sex to be actionable.

When making the determination of whether the alleged harassment is based on the victim's sex, the Court must examine "whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Oncale*, 523 U.S. at ——, 118 S.Ct. at 1002 (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 25, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (Ginsburg, J., concurring)). The workplace at issue here was almost entirely male, and there is no allegation that anyone other than Plaintiff was subjected to the allegedly harassing conduct. Thus, Plaintiff cannot meet the burden of showing that one sex was treated differently than another sex in this case.

Plaintiff attempts to circumvent the comparison between the way males and females were treated at the Division by claiming that the alleged harassment was indeed based on sex because it was based on "the sexual aspect of [Plaintiff's] personality." *See* Plaintiff's supplemental memorandum at 3. The implication of this claim is that Plaintiff was harassed because he was perceived as being a homosexual. However, it is well settled that Title VII does not recognize a cause of action for discrimination based on sexual orientation. *See Williamson v. A.G. Edwards & Sons, Inc.*, 876 F.2d 69, 70 (8th Cir.1989). Of course, Plaintiff does not claim that the harassment stems from animus to-

ward his perceived homosexuality. Instead, he argues that there is a difference between "the sexual aspect of [Plaintiff's] personality" and Plaintiff's sexual orientation, and, further, that "the sexual aspect of [Plaintiff's] personality" is equivalent to Plaintiff's sex for the purposes of Title VII's "based on sex" analysis.

The Court declines to equate the sexual aspect of Plaintiff's personality with Plaintiff's sex for the purposes of Title VII. In making this decision, the Court finds instructive the opinion of Judge Brody of the District of Maine in *Higgins v. New Balance Athletic Shoe, Inc.*, 21 F.Supp.2d 66 (D.Me. 1998). In that case, the plaintiff was a homosexual whose co-workers and supervisors made derogatory comments about his sexuality. The *Higgins* plaintiff argued that the harassment was actionable because it was based on his gender, and that "gender" and "sex" are equivalent for purposes of the analysis under Title VII. The *Higgins* court disagreed. The court discussed the differences between "sex" and "gender," finding that, while "sex" is immutable, "gender" is considered to encompass "masculinity" and other sexual aspects of a person's personality. *See id.* at 75. Thus, if gender and sex were equivalent under Title VII, Title VII would prohibit the harassment of a male because of effeminate behavior or the perception that he is gay. *See id.* However, Title VII clearly does not prohibit harassment based on the victim's sexuality. Moreover, the *Higgins* court noted that the Supreme Court recently vacated a decision of the Seventh Circuit in which that court approved of the "gender" approach, thus raising serious doubts about whether that approach is viable. *See City of Belleview v. Doe*, —— U.S. ——, 118 S.Ct. 1183, 140 L.Ed.2d 313 (1998), *vacating* 119 F.3d 563 (7th Cir.1997); *see also Higgins*, 21 F.Supp.2d at 75 n. 9.

Like the plaintiff in *Higgins*, Plaintiff's argument here that Title VII prohibits harassment "based on gender" is essentially an argument that Title VII prohibits harassment "based on sexual orientation." But "Ti-

tle VII does not provide a remedy to persons who have experienced harassment motivated solely by animus toward the plaintiff's sexual orientation." *Higgins*, 21 F.Supp.2d at 76. Even if the alleged harassment was motivated by animus toward "the sexual aspect of [Plaintiff's] personality," it is not actionable under Title VII.

Furthermore, even if Title VII prohibits harassment based on the perception that Plaintiff is a homosexual, Plaintiff has failed to establish that most of the harassment of which he complains was motivated by animus toward his perceived sexual orientation, or toward "the sexual aspect of his personality." Plaintiff complains of only six incidents during his 16-year tenure in which co-workers allegedly referenced their belief that Plaintiff was homosexual, including one co-worker's statement that Plaintiff was a "homo" and another co-worker's remark that Plaintiff "knows all about [Vaseline]." Most of the conduct of which Plaintiff complains, including the expelling of flatulence, while offensive, rude, and vulgar to people of either sex, is not tantamount to actionable harassment "based on sex" under Title VII. Title VII, in its current form, does not prohibit all offensive conduct, nor does it prohibit all forms of workplace harassment. Accordingly, workplace harassment will not automatically constitute actionable sexual harassment under Title VII. Perhaps Title VII should be a "general civility code for the American workplace," *Oncale*, 523 U.S. at ——, 118 S.Ct. at 1002, but in its present form, it is not.

Thus, even taking Plaintiff's allegations in the light most favorable to him, he has failed to establish that the harassment of which he complains was "based on sex" and his Title VII claim must therefore fail.[1]

### B. *Section 1983 claim*

In count one of his Amended Complaint, Plaintiff alleges that Defendants Vodegel and Venske essentially forced him to retire, thus depriving him of his property interest in his continued employment in violation of the substantive component of the Due

---

1. In observing, along with numerous other jurisdictions, that Title VII does not provide a remedy for discrimination based on sexual orientation, this Court does not in any way sanction or otherwise condone this type of offensive activity in the workplace.

Process Clause and 42 U.S.C. § 1983. To prove a violation of substantive due process, Plaintiff must first establish that he was deprived of a liberty or property interest. *See Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Plaintiff was deprived of his property interest in his job only if he was fired or constructively discharged. The undisputed facts establish that Plaintiff was not constructively discharged, but that he voluntarily retired. Therefore, Defendants did not deprive Plaintiff of any property interest or due process rights.[2]

■ To prove that he was constructively discharged, Plaintiff must establish that Defendants deliberately created intolerable working conditions with the intention of forcing him to quit his job. *See Hanenburg v. Principal Mut. Life Ins. Co.,* 118 F.3d 570, 574 (8th Cir.1997). Plaintiff must show more than just a Title VII violation. *See Breeding v. Arthur J. Gallagher & Co.,* 164 F.3d 1151, 1158 (8th Cir.1999). Plaintiff must show that "a reasonable person would find the conditions of employment intolerable." *Hanenburg,* 118 F.3d at 575. The Court has held that Plaintiff failed to prove a violation of Title VII. Thus, although the evidence construed in the light most favorable to Plaintiff may establish that both Defendants Vodegel and Venske wanted Plaintiff to quit his job, and that their actions were calculated to bring about this result, the evidence does not establish that Plaintiff's working conditions were so intolerable that a reasonable person in his position would have been forced to resign.

Even if Plaintiff had proved that the conditions at the Division were intolerable, however, he still cannot succeed on his claim of constructive discharge. To establish constructive discharge, Plaintiff must also show that he gave his employer a reasonable opportunity to work out the problems prior to resigning. *See Phillips v. Taco Bell Corp.,* 156 F.3d 884, 890 (8th Cir.1998); *Hanenburg,* 118 F.3d at 575. Plaintiff has failed to come

forward with any evidence that he gave his employer this opportunity.

The only allegedly harassing incident occurring close in time to when Plaintiff retired was the deficiency slip, written by Venske in March of 1996, reprimanding Plaintiff for kicking commode handles. Assuming *arguendo* that the issuance of the deficiency slip constituted harassment and evidenced Venske's desire that Plaintiff resign, there is no indication in the record that Plaintiff complained to any supervisor about the slip, or gave his employer any chance to remedy the problem. "[A]n employee has an obligation not to assume the worst and not to jump to conclusions too quickly. An employee who quits without giving his employer a reasonable chance to work out a problem has not been constructively discharged." *Summit v. S–B Power Tool,* 121 F.3d 416, 421 (8th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1185, 140 L.Ed.2d 316 (1998) (quoting *Tidwell v. Meyer's Bakeries, Inc.,* 93 F.3d 490, 494 (8th Cir.1996)). Because Plaintiff did not give his employer any opportunity to remedy the alleged harassment problem, Plaintiff was not constructively discharged, and no violation of his constitutional rights occurred.

Accordingly, **IT IS HEREBY ORDERED that:**

Defendants' Motion for Summary Judgment [Docket No. 52] is **GRANTED** and the COMPLAINT is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

**2.** Plaintiff resigned from his position in May of 1996. Defendant Vodegel retired from the Sheriff's Department in 1993. Plaintiff does not explain how any of Vodegel's actions, even if severe and egregious, led Plaintiff to resign three years after Vodegel left the Department.