**Dwayne SIMONTON, Plaintiff,**

v.

**Marvin T. RUNYON, Postmaster General, United States Postal Service, Defendants.**

No. CV 96–4334.

United States District Court, E.D. New York.

May 26, 1999.

Phyllis E. Spisto, Hicksville, New York, for plaintiff.

Zachary W. Carter, United States Attorney, by David L. Goldberg, Assistant United States Attorney, Brooklyn, New York, for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff, a former employee of the United States Postal Service, commenced this case alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). Plaintiff's claim of a hostile work environment stems from treatment he allegedly received from co-workers and supervisors based upon the fact that plaintiff is a homosexual. Defendants move to dismiss the complaint on the ground that Title VII does not prevent harassment or discrimination based upon sexual orientation. According to defendants, discrimination based upon sexual orientation is not discrimination "based upon sex," and therefore, does not state a claim under Title VII.

While the court finds that the conduct alleged, if true, is offensive and unsuitable for any workplace, the court is constrained by precedent on this issue. That precedent refuses to extend the protection of Title VII to the circumstances present here. Accordingly, for the reasons set forth below, the court grants defendants' motion to dismiss.

## BACKGROUND

### I. The Allegations Of The Complaint

Plaintiff is a male homosexual who was employed as a postal worker at the Farmingdale, New York, Post Office from approximately 1984 until 1995. Plaintiff alleges that beginning in 1987, he became subject to ridicule, harassment and disparate treatment based upon his sexual orientation. Plaintiff alleges, *inter alia*, that he was targeted for fictitious infractions and exposed to incessant threats, obscenity and nasty letters that referred to plaintiff's sexual homosexuality. Plaintiff also alleges that he was subject to physical assaults between July of 1994 and May of 1995. This abusive and hostile work environment is alleged to have caused plaintiff to suffer a heart attack and mental distress.

Plaintiff states that although the parties entered into a settlement of their differences, that settlement was breached by the defendants and thereafter, plaintiff continued to suffer harassment referring to

plaintiff's homosexuality. Plaintiff alleges that he was unfairly blamed for the abusive and hostile work environment and that his supervisor's actions were designed to force plaintiff to resign from his employment. Plaintiff alleges that defendants' actions amount to "sexual orientation discrimination" in violation of Title VII.

## II. Defendants' Motion

As noted above, defendants move to dismiss the complaint for failure to state a claim. Defendants argue that discrimination based upon sexual orientation is not discrimination "based upon sex" and therefore does not state a claim pursuant to Title VII. This motion was originally presented prior to the decision of the Supreme Court in *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998). After an attempt at mediation of this matter failed, the motion was renewed. With the principles announced in *Oncale* in mind, the court turns to the merits of defendants' motion.

## DISCUSSION

### I. Standard of Review

Defendants' motion is made in the context of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss is properly granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Harsco v. Segui*, 91 F.3d 337, 341 (2d Cir.1996); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996). When considering a motion to dismiss for failure to state a claim, the court can consider only the facts as set forth in the complaint or documents attached thereto. When considering the facts pled, the court must accept as true all factual allegations in the complaint. All reasonable inferences must be drawn in favor of the non-moving party. *Hamilton Chapter of Alpha Delta Phi, Inc. v. Ham-*

*ilton College*, 128 F.3d 59, 62 (2d Cir.1997). A complaint should not be dismissed "simply because a plaintiff is unlikely to succeed on the merits." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### II. Title VII and Claims of Discrimination Based Upon Sexual Orientation

■ Title VII prohibits both "quid pro quo" and "hostile environment" sexual harassment. The former occurs when an employee refuses to submit to an employer's sexual demands. The latter exists when an employer's conduct unreasonably interferes with an individual's work performance or creates an "intimidating, hostile, or offensive working environment." *Carrero v. New York City Housing Authority*, 890 F.2d 569, 577 (2d Cir.1989) (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)).

■ Plaintiff here claims hostile environment sexual discrimination. To prevail on such a claim, plaintiff must show that the harassment was so severe or pervasive as to alter the conditions of plaintiff's employment and create an "abusive working environment." *Carrero*, 890 F.2d at 577. Whether a Title VII claim is based upon a quid pro quo or hostile environment theory, a claim is stated only if the plaintiff alleges discrimination on account of his or her sex. *See Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 118 S.Ct. 998, 1001–02, 140 L.Ed.2d 201 (1998)

In *Oncale*, the Supreme Court interpreted the scope of Title VII and rejected the notion that discrimination claims based upon sex could be made only by females. Noting that nothing in the statute necessarily bars a claim because the plaintiff and defendant are of the same sex, the Supreme Court held that males could state a claim pursuant to Title VII. In holding that same sex harassment states a claim pursuant to Title VII, the Court left undisturbed the notion that harassment "tinged

with offensive sexual connotation" alone does not carry the day.

The Court was careful to emphasize the requirement that whether the plaintiff is a male or female, the discrimination alleged must be discrimination "based upon sex." *Oncale*, 118 S.Ct. at 1001–02. The "critical issue," according to the Court, is "whether members of one sex are exposed to conditions of employment to which members of the other sex are not exposed." *Oncale*, 118 S.Ct. at 1002 (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S.Ct. 367, 372, 126 L.Ed.2d 295 (1993) (Ginsburg, J. concurring)). Offering examples of conduct that might constitute same sex harassment, the Court described a situation where a female plaintiff might show that a female harasser revealed hostility to women in the workplace. In a mixed-sex workplace, the Court noted that a plaintiff might offer "direct comparative evidence" about how the harasser treated the sexes differently in the workplace. *Id.* at 1002.

Notably, the Supreme Court never mentioned the issue of whether same sex harassment encompassed harassment based, not upon the plaintiff's sex, but upon his or her sexual orientation. The failure to mention this issue leaves undisturbed the line of cases holding that discrimination based upon a plaintiff's sexual orientation or the existence of a sexual relationship is not discrimination based upon sex and therefore does not state a claim under Title VII. *See, e.g., Dillon v. Frank*, 952 F.2d 403, 1992 WL 5436 (6th Cir. Jan. 15, 1992) (Title VII does not provide a remedy for hostile environment created by taunts aimed at plaintiff's homosexuality); *Williamson v. A.G. Edwards and Sons, Inc.*, 876 F.2d 69, 70 (8th Cir.1989), *cert. denied*, 493 U.S. 1089, 110 S.Ct. 1158, 107 L.Ed.2d 1061 (1990) (Title VII does not prohibit discrimination based upon homosexuality); *DeCintio v. Westchester County Medical Center*, 807 F.2d 304, 308 (2d Cir.1986), *cert. denied*, 484 U.S. 825, 108 S.Ct. 89, 98 L.Ed.2d 50 (1987) (Title VII does not encompass dis-

parate treatment based upon preferential treatment afforded to individual romantically involved with defendant-employer); *Ulane v. Eastern Airlines, Inc.*, 742 F.2d 1081, 1085–87 (7th Cir.1984), *cert. denied*, 471 U.S. 1017, 105 S.Ct. 2023, 85 L.Ed.2d 304 (1985) (Title VII does not cover discrimination allegedly based upon fact that plaintiff was a transsexual).

While the Second Circuit has not squarely decided the issue of sexual orientation discrimination under Title VII either before or after *Oncale*, that court has adhered to the requirement that Title VII discrimination exists only where the claimed discrimination can be said to have been suffered on account of the plaintiff's sex, and not because of matters that might involve a romantic relationship. In *DeCintio v. Westchester County Medical Center*, 807 F.2d 304, 308 (2d Cir.1986), plaintiff, a male, claimed that he was the victim of sexual discrimination when his employer gave preferential treatment to a female with whom the employer was romantically involved. Holding that any preferential treatment was based, not upon plaintiff's sex, but upon the hired female's "sexual liaison" with her employer, the Second Circuit held that plaintiff had no been discriminated against because of his sex.

When rejecting the Title VII claim in *DeCintio*, the Second Circuit cited with approval those cases refusing to extend Title VII protection to claims of discrimination based upon sexual orientation. *See DeCintio*, 807 F.2d at 307. Holding that the plaintiff in *DeCintio* did not state a claim under Title VII, the Second Circuit held that plaintiff was not prejudiced because of his status as a male, (no similarly situated female would have been hired for the position at issue), but because the employer preferred his "paramour." *Id.* at 308. Such a set of circumstances was not discrimination based upon sex and therefore, did not state claim pursuant to Title VII.

In light of the clear requirement in *Oncale* that a Title VII claim must allege

discrimination "based upon sex" and the Second Circuit's holding in *DeCintio*, this court holds that plaintiff's hostile environment claim, stemming from treatment he received because he is a homosexual, does not state a claim for discrimination on the basis of sex in violation of Title VII. *Accord Klein v. McGowan*, 36 F.Supp.2d 885, 889–90 (D.Minn.1999) (post-*Oncale* hostile environment claim based upon plaintiff's perceived homosexuality is not harassment based upon sex); *Higgins v. New Balance Athletic Shoe, Inc.*, 21 F.Supp.2d 66, 74–75 (D.Maine 1998) (post-*Oncale* decision dismissing hostile environment Title VII claim alleging discrimination based upon plaintiff's homosexuality).

Like other courts that have faced similar issues, this court makes clear that its holding is in no way meant to endorse the type of behavior alleged to have been engaged in by plaintiff's co-workers and supervisors. If true, such behavior should not be tolerated in any workplace. *See Dillon*, 952 F.2d 403, 1992 WL 5436 at \*7–8 (6th Cir. January 15, 1992) (actions aimed at homosexual plaintiff depriving him of a proper work environment, although cruel, are not made illegal by Title VII). The fact is, however, that Title VII does not provide plaintiff a remedy.

## CONCLUSION

Defendants' motion to dismiss plaintiff's complaint is granted. The Clerk of the Court is directed to close this case.

SO ORDERED.