**James M. QUINN, Plaintiff,**

v.

**NASSAU COUNTY POLICE DEPARTMENT, Donald Kane, Phillip Rice, Joseph Allen, Edward Gonzale, Daniel Lishansky, and John Ryan, Defendants.**

No. 97–CV–3310 (ADS).

United States District Court,
E.D. New York.

Nov. 20, 1999.

Leeds & Morelli, Carle Place, N.Y., for Plaintiff; Frederic Ostrove of counsel.

McCabe, Collins, McGeough & Fowler, LLP, Mineola, N.Y. for Defendants Nassau County Nassau County Police Department, Donald Kane, Joseph Allen, Edward Gonzalez, and Daniel Lishanski; Chris Termini, of counsel.

Mulholland, Minion & Roe, Williston Park, for Defendant Phillip Rice; Ronald J. Morelli, of counsel.

Carole A. Burns & Assoc., Mineola, N.Y., for Defendant John Ryan; Alan J. Reardon, of counsel

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

In this case, the Plaintiff, a former Nassau County Police Officer, brought a Section 1983 action against the Nassau County Police Department and various individual police officers, alleging that he had been discriminated against because of his homosexuality in violation of the Equal Protection clause of the 14th Amendment of the U.S. Constitution. A jury returned a verdict in favor of the Plaintiff against all but three of the Defendants, and awarded the Plaintiff $360,-000 in compensatory and punitive damages. Presently before the Court is the Plaintiff's application for attorney's fees.

### BACKGROUND

The Court has previously described the factual scenario of this case in *Quinn v. Nassau County*, 53 F.Supp.2d 347 (E.D.N.Y.1999), and incorporates that recitation by reference here. In short, the Plaintiff, Joseph Quinn, a former Nassau County Police Officer, alleged that the Nassau County Police Department and various individual police officers and supervisors violated his right to equal protection by harassing and discriminating against him in the terms and conditions of his employment because of his homosexuality. Quinn's amended complaint alleged a Section 1983 violation bottomed on his right to equal protection; a second Section 1983 claim grounded on his right to freedom of expression; a Section 1985 claim that the Defendants conspired to deprive him of his civil rights; and a claim based on New York State's "Executive Order No. 28," 9 N.Y.C.R.R. § 4.28. Quinn demanded $5 million in damages.

Prior to trial, the Court dismissed some of the causes of action, and only the Section 1983 equal protection and Section 1985 conspiracy claims were submitted to the jury. Following a 10–day trial, the jury returned a verdict in favor of Defendants Donald Kane, the Nassau County Police Commissioner; Daniel Lishansky, the Deputy Chief; and Edward Gonzalez on all charges, and returned a verdict in favor of the Plaintiff against the remaining Defendants on both claims. 53 F.Supp.2d at 352–53. The jury awarded Quinn $250,-000 for emotional distress, $60,000 in lost pay, $30,000 in punitive damages against Defendant Rice, and $20,000 each in punitive damages against Defendants Allen and Ryan. *Id.* In post-verdict motions, the Court dismissed the Section 1983 claim against Defendant Rice on the ground that his actions were done in his individual capacity, not "under color of state law," 53 F.Supp.2d at 354–55, but left the Section 1985 violation found against Rice intact. 53 F.Supp.2d at 359–60.

The Plaintiff now moves for attorney's fees under the provisions of 42 U.S.C. § 1988. Specifically, Plaintiff seeks the sum of $ 185,362.50 in fees, and an addi-

tional $3,866 for disbursements. Strangely, the amount reflected in the "total" section of the Plaintiff's attorneys' time sheets and requested in Plaintiff's brief is $184,500. However, this Court's calculations of the hours and rates claimed yields the $185,362.50 figure. This attorney's fee request is comprised of the following separate claims:

| | | |
|---|---|---|
| Frederic Ostrove, Esq.: | 486.25 hours at $250 per hour = | $121,562.50 |
| Lenard Leeds, Esq.: | 30 hours at $350 per hour = | $ 10,500 |
| Susan Fitzgerald, Esq.: | 191.25 hours at $200 per hour = | $ 38,250 |
| Scott Cholewa | 150.5 hours at $100 per hour = | $ 15,050 |
| Total hours: 858 | Total fee requested: | $185,362.50 |

Ostrove, an associate in the Leeds & Morelli firm, was the principal trial counsel for Quinn and was apparently responsible for almost all the pleadings and discovery in the case. Fitzgerald, an associate, second-chaired the trial and appears to have done some pre-trial preparation of exhibits and witnesses. Leeds is a partner in the firm of Leeds & Morelli, who conducted intermittent conferences regarding the case with Ostrove and Quinn. Cholewa, a non-lawyer, is a staff member of Leeds & Morelli, responsible for supervising the firm's interns and paralegals. It is claimed that Cholewa performed "trial consulting," such as preparation of witnesses, digesting depositions, and assisting in drafting opening and closing statements.

The Defendants challenge the hourly rates requested by the Plaintiff, suggesting that the appropriate rates are $225 per hour for Leeds, $200 per hour for Ostrove, $125 per hour for Fitzgerald, and $75 per hour for Cholewa. The Defendants also suggest that the number of hours claimed by the Plaintiff is excessive and should be reduced to approximately 500 hours. The Defendants seek an additional reduction of the fee award to reflect the verdict in favor of Defendants Kane, Lishansky, and Gonzalez, and a reduction due to a monetary settlement Plaintiff received in a "malpractice claim" against his previous attorneys. The Defendants do not contest the Plaintiff's claimed disbursements.

## DISCUSSION

A prevailing party in a case brought pursuant to 42 U.S.C. § 1983 and § 1985 may be awarded his reasonable attorney's fees. 42 U.S.C. § 1988(b). Because of the district court's familiarity with the quality of the representation and the extent of the litigation, the decision whether to award fees and the amount of fees awarded are issues generally confined to the sound discretion of the court. *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir.1998). The well-known formula for calculating attorney's fees is the "lodestar" method described in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). Under this method, the court makes an initial calculation of a lodestar amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763–64 (2d Cir.1998); *Gierlinger*, 160 F.3d at 876; *Luciano v. Olsten Corp.*, 109 F.3d 111 (2d Cir.1997). If the court finds that certain claimed hours are excessive, redundant, or otherwise unnecessary, the court should exclude those hours from its lodestar calculation. *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933; *Luciano*, 109 F.3d at 116. Once the initial lodestar calculation is made, the court should then consider whether upward or downward adjustments are warranted by factors such as the extent of success in the litigation and the degree of risk associated with the claim. *Hensley*, 461 U.S. at 434 and n. 9, 103 S.Ct. 1933, *citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–719 (5th Cir.1974).

In this case, the Court finds that Quinn is a prevailing party and is entitled to an

award of his reasonable attorney's fees under 42 U.S.C. § 1988.

■ In making the initial lodestar calculation, the Court finds that the hourly rates requested by Quinn's counsel are excessive. The rate to be used in the calculation must be the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Luciano,* 109 F.3d at 111, *citing Blum v. Stenson,* 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The Second Circuit has recently held that rates of $200 for partners, $135 for associates and $50 for paralegals are reasonable rates for legal services in the Eastern District. *Savino v. Computer Credit, Inc.,* 164 F.3d 81, 87 (2d. Cir.1998); *Luciano,* 109 F.3d at 111–112 (collecting cases); *Cruz v. Local Union No. 3, Int'l. Brotherhood of Electrical Workers,* 34 F.3d 1148, 1160 (2d Cir.1994). Therefore, the Court will apply these rates in making the initial lodestar calculation. While Ostrove is an associate at Leeds & Morelli, he served as lead counsel in this case, and apparently did so with minimal supervision from Leeds. Therefore, in making the lodestar calculation, the Court will use the $200 per hour rate for Ostrove's hours.

■ Next, the Court must determine the number of hours that were reasonably expended in this litigation. Upon reviewing the time sheets submitted by plaintiff's counsel, and based upon this Court's own knowledge of the trial of the case, the Court concludes that some of the 858 hours sought by the Plaintiff are unnecessary and excessive. For example, most of Fitzgerald's time involves her attendance at the trial, where her role consisted largely of observation. The Court notes that Fitzgerald has passed the bar exam, but is not yet admitted to the New York State Bar. While the Court recognizes that Fitzgerald may have provided some useful services supporting Ostrove during the trial, it does not consider all of her billed hours to be reasonably necessary to the prosecution of this case. The Court finds that a 20% reduction of Fitzgerald's hours reasonably omits time she spent merely observing while still compensating the Plaintiff for the useful work Fitzgerald performed prior to and during trial.

The Court also finds that some of the hours billed by Cholewa are unnecessary. Almost 60 hours of Cholewa's time and denoted simply as "trial," without any indication of his role. Assuming that Cholewa was serving as trial support for Ostrove, the Court notes that Fitzgerald was performing largely the same function. Therefore, the Court finds that a 30% reduction of Cholewa's hours is a reasonable adjustment so as to prevent billing for redundant services.

Based on these findings, the Court determines that the initial lodestar calculation should be as follows:

| | | | |
|---|---|---|---|
| Ostrove: | 486.25 hours at $200 per hour | = | $ 97,250 |
| Leeds: | 30.0 hours at $200 per hour | = | $ 6,000 |
| Fitzgerald: | 153 hours at $135 per hour | = | $ 20,655 |
| Cholewa: | 105.35 hours at $50 per hour | = | $ 5267.50 |
| Total: | 774.6 hours | = | $129,172.50 |

■ However, as the Supreme Court in *Hensley* observed, calculation of the lodestar figure "does not end the inquiry." *Hensley,* 461 U.S. at 434 and n. 9, 103 S.Ct. 1933. The Defendants have requested a reduction of the lodestar figure reflecting the jury's findings that defendants Kane, Lishansky, and Gonzalez, half of the individuals named in the complaint, did not commit any violation of the plaintiff's rights. The Court agrees that a reduction is warranted for his failure to demonstrate that the Police Commissioner and Deputy Chief, two of the highest ranking Defendants, were culpable. However, the

Court also observes that the testimony of these witnesses was helpful in establishing Police Department policies and other useful evidence. In the Court's view, the Plaintiff was substantially successful in securing a generous recoverable award. Therefore, the Court finds that a general lodestar reduction of 10% is appropriate to reflect the lack of complete success achieved by the Plaintiff.

█ The Court also finds that an upward adjustment is appropriate, given the risks involved in bringing this action. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 718 n. 4, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987). The Court further notes that claims of sexual orientation discrimination in employment generally have not enjoyed favorable legal protection. *See e.g. Wrightson v. Pizza Hut of America, Inc.*, 99 F.3d 138, 143 (4th Cir.1996) ("Title VII does not afford a cause of action for discrimination based upon sexual orientation"), *citing Williamson v. A.G. Edwards & Sons, Inc.*, 876 F.2d 69, 70 (8th Cir.1989), *cert. denied*, 493 U.S. 1089, 110 S.Ct. 1158, 107 L.Ed.2d 1061 (1990); *DeSantis v. Pacific Telephone & Telegraph Co.*, 608 F.2d 327, 329–30 (9th Cir.1979) (same). In light of the significant likelihood that Quinn might not have prevailed in this somewhat groundbreaking case, the Court finds that an increase in the lodestar figure of 10% is appropriate. *Homeward Bound, Inc. v. Hissom Memorial Ctr.*, 963 F.2d 1352, 1357 (10th Cir.1992) (allowing upward adjustment for risk of up to 33% of lodestar figure).

Therefore, the Court finds that the Plaintiff should be awarded attorney's fees in the total sum of $129,172.50. As the Defendants do not contest the figure of $3,866 in disbursements, the Court finds that figure to be appropriate as well.

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff, as a prevailing party, is entitled to a judgment for attorney's fees in the sum of $129,172.50 and disbursements in the sum of $3,866. The Clerk of the Court is directed to include these sums in the judgment to be entered in this case.

**SO ORDERED**