Stanley WHITE, Ulysses Brown, and Donald W. Swanson, Individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

WHITE ROSE FOOD, a Division of Digiorgio Corporation, Defendant.

No. CV 93–4837(ADS).

United States District Court, E.D. New York.

Feb. 7, 2000.

Law Offices of Leonard M. Flamm, New York City (Leonard N. Flamm, Norman Mednick, of counsel), for plaintiffs.

Grotta, Glassman & Hoffman, P.A., Roseland, NJ (Jedd Mendelson, of counsel), for defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case was commenced by the plaintiffs in August 1993 and resulted several

written decisions by this Court and an opinion by the Second Circuit including *White v. White Rose,* 930 F.Supp. 814 (E.D.N.Y.1996), *aff'd in part, rev'd in part, White v. White Rose,* 128 F.3d 110 (2d Cir.1997), *on remand, White v. White Rose Food,* 62 F.Supp.2d 878 (E.D.N.Y.1999). There followed a non-jury trial, after which the Court rendered a decision on October 28, 1999 in favor of the plaintiffs on their "duty of fair representation" claims. *See White v. White Rose Food,* 72 F.Supp.2d 126 (E.D.N.Y.1999). Presently before the Court is the plaintiffs' application for prevailing party attorneys fees.

# I. BACKGROUND

The Court has previously described the facts in this case in its three published opinions and incorporates the factual recitations by reference in this decision.

Representing the prevailing party, counsel for the plaintiffs seek the sum of $ 436,396.12 in fees, and an additional sum of $2,098.68 for disbursements. The request for attorneys fees, including the "addendum to attorney fee application" and the affidavit in further support of attorney fee application dated February 4, 2000, is comprised of the following separate claims:

| | | |
|---|---|---|
| Leonard N. Flamm, Esq.: | 284.9 hours at $325 per hour = | $ 92,592.50 |
| Norman Mednick, Esq.: | 530.25 hours at $315 per hour = | $167,028.50 |
| Maria D. Beckman, Esq.: | 68.1 hours at $215 per hour = | $ 14,641.00 |
| Eden M. Mauro, Esq. | 90.1 hours at $185 per hour = | $ 16,668.50 |
| Total hours: | 973.35 | Total fee requested: $ 290,930.75 |

In addition to the above calculations, the plaintiffs request a 50% enhancement due to the "substantial risks of contingent fee litigation." Thus, the total sum that the plaintiffs request in fees is $436,396.12 together with disbursements in the sum of $2,098.68.

Norman Mednick designated as "of Counsel" to the Law Offices of Leonard Flamm was the principal trial counsel for the plaintiffs. Leonard Flamm "second-seated" Mednick at all of the Court appearances and at the trial. Maria Beckman and Eden Mauro were associates in the Law Offices of Leonard Flamm and assisted with case preparation, depositions, court appearances, and the writing and editing of memoranda of law.

The defendant makes numerous challenges to the plaintiffs application for attorneys fees. The defendant argues that: (1) the hourly rates requested by the plaintiffs are not customary and they are excessive; (2) a 50% enhancement is inappropriate; (3) much of the time requested was excessive, vague, unreliable, unreasonable and duplicative; and (4) the plaintiffs request for costs should be reduced.

# I. *DISCUSSION*

■ Because of the district court's familiarity with the quality of the representation and the extent of the litigation, the decision whether to award fees and the amount of fees awarded are issues generally confined to the sound discretion of the court. *Gierlinger v. Gleason,* 160 F.3d 858, 876 (2d Cir.1998). The well-known formula for calculating attorney's fees is the "lodestar" method described in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). Under this method, the Court makes an initial calculation of a lodestar amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *LeBlanc–Sternberg v. Fletcher,* 143 F.3d 748, 763–64 (2d Cir.1998); *Gierlinger,* 160 F.3d at 876; *Luciano v. Olsten Corp.,* 109 F.3d 111 (2d Cir.1997).

If the court finds that certain claimed hours are excessive, redundant, or otherwise unnecessary, the court should exclude

those hours from its lodestar calculation. *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933; *Luciano,* 109 F.3d at 116. Once the initial lodestar calculation is made, the court should then consider whether upward or downward adjustments are warranted by factors such as the extent of success in the litigation and the degree of risk associated with the claim. *Hensley,* 461 U.S. at 434 and n. 9, 103 S.Ct. 1933, (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–719 [5th Cir.1974]). In this case, there is no dispute that the plaintiffs are a prevailing party and are entitled to an award of their reasonable attorney's fees.

■ In making the initial lodestar calculation, the Court finds that the hourly rates requested by the plaintiffs are excessive. The rate to be used in the calculation must be the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Luciano,* 109 F.3d at 111, (citing *Blum v. Stenson,* 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 [1984]). Although the plaintiffs have attached various affidavits to their motion from other attorneys with similar billable rates, the Court notes that the Second Circuit has recently upheld this Court's rates of $200 per hour for partners, $135 per hour for associates, and $50 per hour for paralegals. *Savino v. Computer Credit, Inc.,* 164 F.3d 81, 87 (2d Cir.1998); *see also Luciano,* 109 F.3d at 111–112 (collecting cases); *Walz v. Town of Smithtown,* 46 F.3d 162 (2d Cir.1995); *Cruz v. Local Union No. 3, Int'l. Brotherhood of Electrical Workers,* 34 F.3d 1148, 1160 (2d Cir.1994); *Terminate Control Corp. v. Horowitz,* 28 F.3d 1335 (2d Cir.1994). Therefore, the Court will apply those rates in making the initial lodestar calculation. Although Mednick is Of Counsel to the Law Offices of Leonard N. Flamm, he served as lead counsel in this case. Therefore, in making the lodestar calculation, the Court will apply the $200 per hour rate for Mednick. With regard to Flamm, the Court will also apply the $200 per hour rate. As to Associates Beckman and Mauro, the Court will apply the $135 per hour rate.

Based on these findings, the Court determines that the initial lodestar calculation based on the reduced hourly rates is as follows:

| | | |
|---|---|---|
| Leonard N. Flamm, Esq.: | 284.9 hours at $200 per hour = | $ 56,980.00 |
| Norman Mednick, Esq.: | 530.25 hours at $200 per hour = | $106,050.00 |
| Maria D. Beckman, Esq.: | 68.1 hours at $135 per hour = | $ 9,193.50 |
| Eden M. Mauro, Esq. | 90.1 hours at $135 per hour = | $ 12,163.50 |
| | Total hours: 973.35 | Total fee $184,387.00 |

Next, the Court must determine the number of hours that were reasonably expended in this litigation. Upon reviewing the time sheets submitted by plaintiffs' counsel, and based upon this Court's own knowledge of the proceedings and the trial, the Court concludes that many of the 973.35 hours sought by the plaintiffs are unnecessary and excessive.

■ First, the Court will examine Flamm's request for counsel fees. Approximately 48 hours of Flamm's time of the 284.9 hours requested, involves his travel and attendance at various Court conferences, oral arguments and trial, where his role consisted largely of observation. Many of the entries on Flamm's time sheets combine the court appearances with travel to the courthouse, thus making it difficult to discern exactly how much time was spent traveling and how much time was spent in Court. In any event, while the Court recognizes that Flamm may have provided some useful services supporting Mednick at these appearances, it does not consider all of his billed hours to be reasonably necessary to the prosecution of this case. The Court finds that a 10% reduction of Flamm's total hours reasonably omits time he spent

merely observing while still compensating the plaintiffs for the useful work Mednick performed prior to and during the trial.

The Court also finds that some of the hours billed by counsel for the plaintiff are excessive, vague, unreliably supported, unreasonable or duplicative. For example, the Court finds that the requests of 46.9 hours to prepare the post-trial memorandum and 37.6 hours in preparation of the Rule 23 class action certification, are excessive. The Court has reviewed both of these submissions and determines that 25 hours on the post-trial memorandum and 15 hours in preparation of the Rule 23 class action certification is reasonable and appropriate.

■ Similarly, the request for 60.5 hours in preparation of various Local Civil Rule 56.1 statements (formerly Rule 3(g) statements) is excessive. It appears that an allocation of 30 hours would be more appropriate for such work. In addition, the Court finds that the approximate 60 hours requested by counsel for the plaintiffs for the preparation of the instant fee request, is clearly excessive. Counsel merely needed to collect the relevant time sheets, draft a short affidavit and memorandum of law and appear for oral argument. In a prior case, this Court has approved five hours for such a motion. *See Savino v. Computer Credit, Inc.*, 71 F.Supp.2d 173, 177–78 (E.D.N.Y.1999). However, given the length and history of this case, the Court finds that a total expenditure of 15 hours would be more than reasonable.

As a result of what the Court perceives as excessive billing; namely, (1) the 46.9 hours in preparation of the post-trial memorandum; (2) the 37.6 hours in preparation of the Rule 23 class action certification; (3) the 60.5 hours in preparation of various Local Civil Rule 56.1 statements; and (4) the 60 hours in preparation for the instant fee request, the Court will reduce the requested fees by 10 percent. An across the board 10 percent reduction to cover all the excessive hours extends to counsel for the plaintiffs the benefit of any doubt. In addition to the excessive hours involved in the preparation of the post-trial memorandum, the class certification, Local Civil Rule 56.1 statements and this fee request, it appears that other inconsistencies and excessive billing may have occurred. Rather than attempting to compute the exact number of hours that the Court believes would have been appropriate for the respective tasks performed by counsel, the Court is of the view that a 10 percent across the board reduction in the requested attorneys' fees is fair, reasonable and appropriate.

■ Based on these findings, the Court determines, as to Flamm's request, taking into account a 20% reduction (10% for court appearances plus 10% for excessive billing) and a 10% reduction with regard to Mednick, Beckman and Mauro, the initial lodestar calculation should be modified as follows:

| | | |
|---|---|---|
| Leonard N. Flamm, Esq.: | 227.9 hours at $200 per hour = | $ 45,580.00 |
| Norman Mednick, Esq.: | 477.2 hours at $200 per hour = | $ 95,440.00 |
| Maria D. Beckman, Esq.: | 61.3 hours at $135 per hour = | $ 8,275.50 |
| Eden M. Mauro, Esq. | 81.1 hours at $135 per hour = | $ 10,948.50 |
| | Total hours: 847.50 | Total fee $160,244.00 |

Moreover, the Court agrees with counsel for the defendant that requests for reimbursement for travel time should be reduced by 50% of the billable rate. *Luciano*, 925 F.Supp. at 965, *aff'd, Luciano v. Olsten Corp.*, 109 F.3d 111 (2d Cir.1997); *Cruz*, 34 F.3d at 1161 (citing *Jennette v. City of New York*, 800 F.Supp. 1165, 1170 [S.D.N.Y.1992] ). While the time sheets for counsel for the plaintiffs do not indicate precisely how much time was spent travel-

ing to the Uniondale Courthouse for various court appearances, oral argument and trial, it appears that Flamm has requested 22 hours for travel and Mednick 43 hours. As such, Flamm's fees must be reduced by an additional $2,200 (22 hours × $200 / 50%), while Mednick's fees must be reduced by an additional $4,300 (43 hours × $200 / 50%). Therefore, with these final reductions, the fees should be further adjusted as follows:

| | |
|---|---|
| Leonard N. Flamm, Esq.: | $ 43,380.00 |
| Norman Mednick, Esq.: | $ 91,140.00 |
| Maria D. Beckman, Esq.: | $ 8,275.50 |
| Eden M. Mauro, Esq. | $ 8,815.50 |
| Total fee: | $151,611.00 |

The Court is not persuaded that any increase in the fees of counsel for the plaintiffs is appropriate let alone a 50 percent "lodestar bonus." The Court notes that while the plaintiffs were meritorious, the litigation did not present a "groundbreaking" case where there was a significant likelihood that the plaintiffs would not prevail. *See e.g. Quinn v. Nassau County Police Dep't.*, 75 F.Supp.2d 74, 78–79 (E.D.N.Y.1999) (holding that an enhancement of 10 percent was appropriate based on the plaintiff's police officer's claim of discrimination on the basis of his sexual preference). While this case may have lasted more than six years, the length of the case is not indicative of its complexity or noteworthiness. The case involved a routine dispute that eventually proceeded to a short non-jury trial consisting of four witnesses and approximately six hours of testimony.

Finally, the Court finds that the defendant's other objections, including the claim that the request for costs are vague, excessive, unreasonable and improper, are without merit.

Therefore, the Court determines that the plaintiffs should be awarded attorneys' fees in the total sum of $151,611.00, together with disbursements the sum of 2,098.68.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the Clerk of the Court is directed to enter a judgment in favor of the plaintiffs for $193,109.91 together with prejudgment interest compounded annually at the U.S. Treasury bill rate for each applicable 52 week period from September 23, 1993 to the date the judgment is entered; and it is further

**ORDERED,** that the Clerk of the Court is also directed to enter judgment in favor of the plaintiffs for attorneys' fees in the sum of $151,611.00 and disbursements in the sum of $2,098.68. The Clerk of the Court is then directed to close this case.

**SO ORDERED**