**Darrell N. WILLIAMSON, Appellant,**

v.

**A.G. EDWARDS AND SONS, INC.; Bruce Morgan, Appellees.**

No. 88–2421.

United States Court of Appeals, Eighth Circuit.

Submitted May 19, 1989.

Decided June 2, 1989.

Rehearing Denied June 30, 1989.

---

70

Deborah L. Doak, St. Louis, Mo., for appellant.

Thomas A. Mickes, St. Louis, Mo., for appellees.

Before ARNOLD, BOWMAN, and MAGILL, Circuit Judges.

PER CURIAM.

Darrell Williamson, a black male, appeals from the district court's order granting summary judgment to A.G. Edwards and Sons, Inc. (Edwards), and Bruce Morgan, his former supervisor at Edwards, on Williamson's claim that they discharged him on the basis of his race, in violation of 42 U.S.C. §§ 2000e to 2000e–17 (1982) (Title VII), and 42 U.S.C. § 1981. We affirm.

Williamson worked for Edwards from November 1979 until May 1985 when he was discharged because of his disruptive and inappropriate conduct at work. In his one-count amended complaint, Williamson alleged that Morgan had falsely accused him of disrupting the workflow by continuing to discuss the details of his homosexual lifestyle in the workplace and harassing another employee, and that white employees who behaved as Williamson did were not disciplined. The district court granted summary judgment to Edwards finding that Williamson's complaint and deposition testimony clearly indicated Williamson believed he had been treated differently because of his homosexuality and not his race. On appeal, Williamson argues the district court erred in failing to consider his allegations that similarly situated white homosexual employees, working in the same department at Edwards, were not harassed or terminated as he had been.

■ Title VII does not prohibit discrimination against homosexuals. *DeSantis v. Pacific Tel. & Tel. Co.*, 608 F.2d 327 (9th Cir.1979). *Cf. Sommers v. Budget Marketing, Inc.*, 667 F.2d 748 (8th Cir.1982) (per curiam) (transsexuals). Similarly, section 1981 only prohibits discrimination on the basis of race.

■ Although Williamson stated in his deposition that he believed he was treated differently because he was black, he failed to allege facts sufficient to establish that other *similarly situated* white employees were treated differently. He did not claim that the other white, alleged homosexuals behaved as he did (openly discussed their sex lives while at work), but only compared his behavior in that regard to the behavior of other heterosexuals. Although he alleged he was reprimanded for wearing makeup at work while the two other alleged white homosexuals were only reprimanded for wearing jewelry, there is no indication in the record that the other two men wore any makeup.

Accordingly, we affirm.