**Medina RENE, Plaintiff–Appellant,**

v.

**MGM GRAND HOTEL, INC., Defendant–Appellee.**

No. 98–16924.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2000

Filed March 29, 2001

Richard Segerblom, Las Vegas, Nevada, for the appellant.

Elayna J. Youchah, Schreck, Bignone, Godfrey, Las Vegas, Nevada, for the appellee.

Before: HUG, D.W. NELSON and McKEOWN, Circuit Judges.

## OVERVIEW

HUG, Circuit Judge:

This case presents the question whether a plaintiff who alleges discrimination based on sex under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, may defeat a summary judgment motion when the evidence he presents supports only the claim that he was discriminated against because of his sexual orientation. We conclude that he may not.

Medina Rene appeals from the district court's summary judgment in favor of defendant MGM Grand Hotel in his action under Title VII alleging that he was harassed by his male co-workers and supervisor because he is gay. The district court granted MGM's motion for summary judgment, concluding that Title VII's prohibition of discrimination because of a person's sex does not apply to discrimination based on sexual orientation.[1] We affirm.

## I. BACKGROUND

The record of events in this case is not in dispute before this court. From December 1993 to June 1996, Medina Rene, an openly gay man, was employed by the MGM Grand Hotel in Las Vegas, Nevada, and worked as a butler on the 29th floor, which was reserved for high-profile and wealthy guests. All of the employees assigned to the floor were male. Rene's responsibilities included responding to the requests of guests staying on that floor.

Rene provided extensive evidence that from approximately February 1994 to February 1996, his supervisor, Tang Lam, and several of his co-workers subjected him to a hostile work environment. According to Rene, the harassment took place "practically every day," and comprised a panoply of markedly crude, demeaning, and sexually oriented activities.

Rene's brief on appeal states:

The sexual harassment consisted of, among other things, being grabbed in the crotch and poked in the anus on numerous occasions, being forced to look at pictures of naked men having sex while his co-workers looked on and laughed, being caressed, hugged, whistled and blown kisses at, and being called "sweetheart" and "Muneca."[2] When asked why he believed his co-workers engaged in the conduct Rene responded that it was because he is gay.

His complaints to superiors were of no avail.

On April 13, 1997, Rene filed a complaint in federal district court, alleging that he had been unlawfully sexually harassed in violation of Title VII. He included a copy of his charge of discrimination filed with the Nevada Equal Rights Commission, wherein he alleged that he was "discriminated against because of my sex, male ..." MGM moved for summary judgment on the grounds that any harassment Rene experienced was not due to his sex, but solely due to his sexual orientation.

The district court analyzed the issues raised by Rene's complaint as "whether harassment based on a person's sexual orientation is actionable under Title VII." It then granted summary judgment in favor of MGM, concluding that "Title VII's prohibition of 'sex' discrimination applies only [to] discrimination on the basis of gender and is not extended to include discrimination based on sexual preference."

## II. STANDARD OF REVIEW

█ We review a grant of summary judgment de novo. *Jesinger v. Nevada Federal Credit Union,* 24 F.3d 1127, 1130 (9th Cir.1994). "[We] must determine, viewing the evidence in the light most favorable to the nonmoving party, whether the district court correctly applied the relevant substantive law and whether there are any genuine issues of material fact."

---

1. The district court also granted summary judgment on a claim by Rene for retaliatory discharge. That decision was not appealed and is not before us.

2. "Muneca" means doll in Spanish.

*Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir.1999) (en banc).

## III. DISCUSSION

 Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, provides that "[i]t shall be an unlawful employment practice ... to discriminate against any individual ... *because of* ... sex." 42 U.S.C. § 2000e–2(a)(1) (emphasis added). It is by now clear that sexual harassment is a form of discrimination based on sex. *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 64, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986) ("Without question, when a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor 'discriminate[s]' on the basis of sex."). Rene alleged that he was sexually harassed by his male co-workers and supervisors under the hostile work environment theory of sexual harassment. To succeed on that theory, Rene must first prove that he was forced to endure a subjectively and objectively abusive working environment. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir.2000). In this case, the parties do not dispute the existence of a hostile working environment, for there is no doubt that the harassment that Rene alleged was so objectively offensive that it created a hostile work environment. There is also no dispute that the harassment visited upon Rene occurred because he was an openly gay man.

Rene relies on *Oncale* to make his case, contending that the Supreme Court impliedly held that discrimination based on sexual orientation is actionable under Title VII. This is a misreading of *Oncale*. That case did involve harassment of the male plaintiff by his male co-workers, some of which was similar to the harassment in this case. The Fifth Circuit Court of Appeals affirmed summary judgment in favor of the employer on the ground that "Mr. Oncale, a male, has no cause of action under Title VII for harassment by male co-workers." *Oncale*, 523 U.S. at 77, 118 S.Ct. 998. The sole issue before the Supreme Court on *certiorari* was whether same-sex sexual harassment is actionable under Title VII. The Court held that it was. However, the Supreme Court explained, "Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at '*discriminat[ion]* ... because of ... sex.'" *Id.* at 80, 118 S.Ct. 998. Never has it been held "that workplace harassment, even harassment between men and women, is automatically discrimination because of sex merely because the words used have sexual content or connotations." *Id.* Rather, under Title VII, the plaintiff "must always prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted '*discrimina[tion]* ... because of ... sex.'" *Id.* at 81, 118 S.Ct. 998; *see also id.* at 82, 118 S.Ct. 998 (Thomas, J., concurring) ("[T]he plaintiff must plead and ultimately prove Title VII's statutory requirement that there be discrimination 'because of ... sex.'").

Thus, the Supreme Court in *Oncale* did not hold that the harassment alleged by the plaintiff in that case was actionable under Title VII. The Court, rather, simply rejected the Fifth Circuit's holding that same-sex harassment could *never* be actionable under Title VII. *See Oncale*, 523 U.S. at 82, 118 S.Ct. 998 ("Because we conclude that sex discrimination consisting of same-sex sexual harassment is actionable under Title VII, the judgment of the Court of Appeals for the Fifth Circuit is reversed."); *id.* at 79, 118 S.Ct. 998 (criticizing the Fifth Circuit's view that "same sex sexual harassment claims are never cognizable under Title VII.").

 The *Oncale* Court gave three examples of ways a plaintiff can prove that members of one sex could discriminate against members of the same sex based on gender. *Id.* at 80–81, 118 S.Ct. 998. First, the plaintiff could show that the

harasser was motivated by sexual desire; this route, the Court stated, requires that there be "credible evidence that the harasser was homosexual." *Id.* at 80, 118 S.Ct. 998. Rene has presented no evidence that any of his harassers were homosexual, nor that they were in any way motivated by sexual desire. On the contrary, evidence presented by Rene suggests not that they desired him sexually, but rather that they sought to humiliate him because of his sexual orientation.

The second route identified by the *Oncale* Court for proving same-sex sexual harassment requires that the plaintiff demonstrate that he was "harassed in such sex-specific and derogatory terms by another [man] as to make it clear that the harasser [was] motivated by general hostility to the presence of [men] in the workplace." *Id.* Rene presented no evidence of this form of harassment. In fact, it is difficult to imagine how he could have; *all* of his co-workers on the 29th floor were male, and it would be thus be strange indeed to conclude that their harassment of Rene was motivated by a "general hostility to the presence of [men] in the workplace."

Third, the Court stated that a plaintiff may "offer direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace." *Id.* at 80–81, 118 S.Ct. 998. Rene cannot avail himself of this route because he worked on the 29th floor of the MGM Grand Hotel, where only men were employed. Given the facts of the *Oncale* case itself, it is significant that the Supreme Court did not indicate that one of the ways a plaintiff can prove same-sex discrimination is discrimination based on sexual orientation.

In determining the motivation for harassment, courts must be mindful of the fact that Title VII protects against discrimination only on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a)(1). It is, perhaps, clearer to recognize that the term "sex" refers to gender. In the context of Title VII these terms are used interchangeably. *See Harris,* 510 U.S. at 22, 114 S.Ct. 367. Discrimination based on a victim's other characteristics, no matter how unfortunate and distasteful that discrimination may be, simply does not fall within the purview of Title VII. This court recognized that fact more than twenty years ago in *DeSantis v. Pacific Tel. and Tel. Co.,* 608 F.2d 327, 329–30 (9th Cir.1979), when we held that discrimination on the basis of sexual orientation does not subject an employer to liability under Title VII. While societal attitudes towards homosexuality have undergone some changes since *DeSantis* was decided, Title VII has not been amended to prohibit discrimination based on sexual orientation; *DeSantis* remains good law and has been followed in other circuits. *See, e.g., Higgins v. New Balance Athletic Shoe, Inc.,* 194 F.3d 252, 259 (1st Cir. 1999); *Wrightson v. Pizza Hut of Am., Inc.,* 99 F.3d 138, 143 (4th Cir.1996); *Williamson v. A.G. Edwards & Sons, Inc.,* 876 F.2d 69, 70 (8th Cir.1989). We are therefore bound to follow this construction of Title VII.

The degrading and humiliating treatment Rene contends that he received from his fellow workers is appalling, and is conduct that is most disturbing to this court. However, this type of discrimination, based on sexual orientation, does not fall within the prohibitions of Title VII. We agree with the eloquent words of the First Circuit:

> We hold no brief for harassment because of sexual orientation; it is a noxious practice, deserving of censure and opprobrium. But we are called upon here to construe a statute as glossed by the Supreme Court, not to make a moral judgment-and we regard it as settled law that, as drafted and authoritatively construed, Title VII does not proscribe harassment simply because of sexual orientation.

*Higgins,* 194 F.3d at 259.

Like the district court, we conclude that Rene has failed to raise a triable issue of

fact with regard to whether the harassment he faced was motivated by his gender, and we therefore conclude that summary judgment was proper. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

Rene himself repeatedly stated that his co-workers harassed him because of his sexual orientation. On no fewer than nine occasions during his deposition, Rene admitted that his co-workers harassed him *only* because he was gay. It bears mentioning at least some of these admissions:

Q. Do you think he did it to you and Carlos because you were gay?
A. Yes.

. . . . .

Q. It was just because you were gay?
A. Right.

. . . . .

Q. And that again was directed at you and Carlos-
A. Right.
Q. because you were gay?
A. Right.

. . . . .

Q. They were teasing you because you and Carlos are gay?
A. Correct.
Q. Did any of the other guys ever get teased about the relationships they were in that you recall?
A. No.

. . . . .

Q. And they did this specifically because you were gay?
A. Yes. To them it was a joke.

Moreover, as we explained earlier, Rene did nothing to show the district court that the harassment was based on his gender. Instead, he stated quite plainly that the question presented was whether the conduct he alleged "is prohibited by Title VII *even though it was directed at [him] because of his sexual orientation.*"

The evidence that Rene presented would certainly allow a reasonable factfinder to conclude that Rene was harassed because of his sexual orientation; it would not, however, permit a reasonable factfinder to conclude that he was harassed because of his gender. Therefore, his Title VII claim must fail.[3]

## IV. CONCLUSION

Accordingly, we hold that Rene has failed to carry his burden under Rule 56 of showing that the discrimination he endured was, in the words of Title VII, "because of ... sex."

**AFFIRMED.**

D.W. NELSON, Circuit Judge, dissenting:

Same-sex sexual harassment is actionable under Title VII, *see Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998), but discrimination because of sexual orientation is not. *See DeSantis v. Pacific Tel. & Tel. Co.,* 608 F.2d 327 (9th Cir.1979). The question before this court is whether countless sexual assaults of an openly gay employee by male co-workers over the course of more than two years of employment can constitute discrimination on the basis of sex. The majority answers in the negative, and I respectfully dissent.

Although the majority contends that the facts of *Oncale* are essentially irrelevant to the narrow question presented on certiora-

---

**3.** This is not to say, however, that someone who suffers the abusive treatment allegedly endured by Rene is without recourse. Such a victim has available to him a myriad of state tort claims, such as battery, negligence, intentional infliction of emotional distress, and oth-

ers. Thus, while we are appalled by the barbaric treatment that Rene endured, and hold that he can find no refuge in Title VII based on his evidence in the district court, we note that such conduct is not immune from other legal recourse.

ri, the Supreme Court was not making an advisory decision. If the facts of *Oncale* did not potentially support a case of sex discrimination, there would have been no basis for a remand to the lower courts. The majority unwisely glosses over the strong similarity between the facts of *Oncale* and those of the present case. In *Oncale*, a man employed as a roustabout on an offshore oil platform was "forcibly subjected to sex-related, humiliating actions against him" by male co-workers, "physically assaulted in a sexual manner," and threatened with rape. *Id.* at 77, 118 S.Ct. 998. In the present case, Medina Rene testified in a deposition that nearly every day that he worked on the 29th floor of the MGM Grand Hotel, co-workers would insert their fingers into his anus through his clothing, grab his crotch, and caress his face and touch his body "like they would do to a woman."

The major difference between *Oncale* and the present case is that Rene is openly gay and testified that he thought he was being abused because of his sexual orientation. Surely that is not enough to defeat his Title VII claim. The subjective belief of the victim of sexual harassment that there is a non-sex-related reason for the harassment is immaterial. The only subjective component relevant to the determination of sexual harassment involves whether the employee perceives his or her workplace as hostile or abusive. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22–23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). In the context of male-female sexual harassment, the act of harassment itself usually permits an inference of sex discrimination. *Oncale*, 523 U.S. at 80, 118 S.Ct. 998. There is no logical basis for inferring otherwise in the same-sex context, especially where the acts complained of involve sexual assaults targeting only one sex. The majority notes that the Supreme Court in *Oncale* gave three examples of successful same-sex harassment claims under Title VII. But the *Oncale* Court recognized that these examples are not an exhaustive list of meritorious Title VII claims. *Id.* at 80–81, 118 S.Ct. 998.

To the extent that the majority limits Rene's grounds for relief to this non-exhaustive list, the majority fundamentally misreads *Oncale*.

While gay-baiting insults and teasing are not actionable under Title VII, a line is crossed when the abuse is physical and sexual. None of the cases cited by the majority to show that sexual orientation falls outside Title VII involves sexual assault. Rather, they involve verbal abuse, *Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 257 (1st Cir.1999); reprimands for wearing makeup at work as well as allegedly false accusations that an employee was disrupting the workflow by discussing his sex life, *Williamson v. A.G. Edwards & Sons, Inc.*, 876 F.2d 69, 70 (8th Cir.1989); and dismissal from work for wearing an earring and verbal harassment, *DeSantis v. Pacific Tel. & Tel. Co., Inc.*, 608 F.2d 327, 328–29 (9th Cir.1979). The fourth case cited, *Wrightson v. Pizza Hut of America, Inc.*, 99 F.3d 138, 144 (4th Cir.1996), held that a same-sex hostile work environment claim may lie under Title VII where the harasser is gay.

Unlike the plaintiffs in the above-mentioned cases, Rene has alleged that his attackers shoved their fingers into his anus and grabbed at his genitals. If his attackers were women or if they were gay men or if Rene were a lesbian attacked by straight men-there is no question that the plaintiff's openly gay status would not be a complete defense to his Title VII claim. Nor would sexual orientation provide a defense for a gay male who harasses a female employee. That Rene's attackers were ostensibly heterosexual men is no basis for a different outcome-the attack was homosexual in nature, and his case involves allegations of sexual abuse that female employees did not have to endure. Rene's attackers may have targeted him for sexual pleasure, as an outlet for rage, as a means of affirming their own heterosexuality, or any combination of a myriad of factors, the determination of which falls far beyond the competence of any court.

The effect was to humiliate Rene as a man. Enforcing Title VII in the mixed-gender context does not involve determining which pleasure center in the attackers' brains was stimulated by the attacks, nor should it in this case.

Finally, the majority takes consolation from the fact that state law remedies could have been available to Rene. But the two-year Nevada statute of limitations has run for the tort claims he might have brought. *See* Nev.Rev.Stat. §§ 11.190(4)(c) & (e). Because of the majority's holding, the appalling conduct alleged by Rene is "immune from other legal recourse."