Robert G. PARKER, Plaintiff–
Appellant,

v.

OTIS ELEVATOR CO., Defendant–
Appellee.

No. 99–17449.

D.C. No. CV–98–00515–LDG/RJJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2001.

Decided May 10, 2001.

Before GOODWIN, HUG, and W. FLETCHER, Circuit Judges.

## MEMORANDUM [*]

The district court granted Appellee Otis Elevator Company's ("Otis") summary judgment motion as to all of Appellant Robert G. Parker's ("Parker") claims for relief. Parker appeals the grant of the motion as to his retaliation and hostile work environment claims. We affirm the district court.

We review *de novo* a district court's grant of a summary judgment motion. *Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir.2000). We must determine "whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000).

Parker brought an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended. He claims *inter alia* that (1) he was fired in retaliation for his alleged complaints about the relationship and its impact on other employees; and (2) the romantic relationship between his supervisor and another Otis employee caused him to be subjected to a hostile work environment.

*Retaliation Claim*

■ In order to establish a prima facie case of retaliation under Title VII, Parker must show that (1) he was "engaging in a protected activity," (2) he "suffered an adverse employment decision," and (3) "there was a causal link between [his] activity and the employment decision." *Trent v. Valley Electric Ass'n Inc.*, 41 F.3d 524, 526 (9th Cir.1994). The district court did not err in finding that Parker did not establish a prima facie case.

■ Parker claims that he complained about the romantic relationship between his supervisor, Tracey Cordes, and another employee, Kurt Frei, and its effects on other employees. He claims, further, that he was fired in retaliation for those complaints.

Protesting the actions of supervisors for their alleged violation of Title VII is a protected activity, *id.*, as is making such informal complaints to a supervisor. *Ray v. Henderson*, 217 F.3d 1234, 1240 n. 3 (9th Cir.2000). Parker's only formal complaint, however, was made anonymously through the company's "Dialog" system and does not support a finding of retaliatory action where it was not apparent to others that Parker made the complaint. Parker's other complaints likewise provide no support for such a finding. There is no evidence that Parker's complaint to Frei's supervisor was ever communicated to Cordes; therefore, it could not have been a basis for the action she instigated against him. Further, Parker's complaint to Cordes herself concerned the company's hand-off policy not being followed and, thus, provides no basis for a Title VII claim.

■ Moreover, Parker's complaints about the romantic relationship cannot be characterized as protected activities because the activities about which he allegedly complained are not prohibited by Title VII. Still, while favoritism based on a romantic relationship between a supervisor and an employee is not prohibited by Title VII, Appellant "must only show that [he] had a 'reasonable belief' that the employment practice [he] protested was prohibited under Title VII," and he does not need to demonstrate that the employment practice was in fact illegal. *Trent*, 41 F.3d at 526. If Parker did so reasonably believe, then his complaints were protected against retaliation under Title VII. *Id.* There is, however, nothing in the record to suggest that Parker thought the relationship violated Title VII; therefore, his complaints are not protected activity.

Finally, it is undisputed that Parker, along with another Otis employee, authorized the payment of an invoice from a Hilton Hotel to Otis that they knew to have been falsified. Both Parker and the other employee were terminated soon after the discovery of this falsification.

*Hostile Work Environment Claim*

■ An employee may bring an action for discrimination under Title VII only if that discrimination is based on a factor prohibited by Title VII: race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–2(a)(1). To succeed on a hostile work environment theory of sexual harassment under Title VII, Parker must prove that he was forced to endure a subjectively and objectively abusive working environment. *Rene v. MGM Grand Hotel Inc.*, 243 F.3d 1206, 1207 (9th Cir.2001). "A co-worker's romantic involvement with a supervisor does not by itself create a hostile work environment." *Candelore v. Clark County Sanitation Dist.*, 975 F.2d 588, 590 (9th Cir.1992). Accordingly, Parker cannot base his hostile work environment claim on the alleged romantic relationship.

■ Parker's alternative theory also fails under our precedent. We recently held that "[h]arassment as retaliation for engaging in protected activity" is actionable under Title VII, because "it is the

paradigm of 'adverse treatment that is based on retaliatory motive and is reasonable likely to deter the charging party or others from engaging in protected activity.'" *Ray*, 217 F.3d at 1245 (quoting EEOC Compliance Manual ¶ 8008). Even under that theory, however, Parker still fails to establish a hostile work environment claim because he cannot establish a retaliation claim. Without a retaliation claim, there is no showing that the work environment is hostile because of a Title VII violation.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.