**John Richard SNELL, Plaintiff–Appellant,**

**v.**

**AMERICAN HOME INSURANCE COMPANY, a New York corporation, Defendant–Appellee.**

No. 00–35165.

D.C. No. CV–98–01223–AL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2001.

Decided May 15, 2001.

Before GOODWIN, GREENBERG,\* and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*

John Richard Snell ("Snell") appeals the district court's grant of summary judgment in favor of American Home Assurance Company ("American Home").

Snell was insured as an employee under an American Home accidental death and dismemberment insurance policy, which provided 24–hour accident protection while an individual was on a business trip. The policy provided coverage for "loss of" life, feet, hands, and/or sight and stated that "the term 'loss' as used herein shall mean with regard to hands and feet, actual severance through or above wrist or ankle joints...."

Snell was injured in an accident while on a business trip and became a quadriplegic. He submitted a claim to American Home for benefits, which was denied because coverage for quadriplegia did not exist un-

---

\* The Honorable Morton I. Greenberg, Senior Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

der the policy at the time of Snell's injury, and Snell had not suffered actual severance of a body part as required for dismemberment benefits. Snell claims that American Home wrongfully denied him dismemberment benefits by failing to construe the insurance policy in his favor. We affirm the district court.

We review the district court's grant of summary judgment de novo. *Rene v. MGM Grand Hotel,* 243 F.3d 1206, 1207 (9th Cir.2001). We also review the denial of benefits de novo because the text of the insurance policy does not unambiguously state that the plan administrator has discretionary authority to grant or deny benefits. *See Ingram v. Martin Marietta Long Term Disability Income Plan,* 244 F.3d 1109, 1113–14 (9th Cir.2001).

We are persuaded by the reasoning of the Oregon Supreme Court in *Sitzman v. John Hancock Mut. Life Ins. Co.,* 268 Or. 625, 522 P.2d 872, 875 (1974). In *Sitzman,* the court ruled that a dismemberment policy clause providing for coverage for loss of hands and feet, did not provide coverage for an insured who lost the use of both feet due to a severed spinal cord. *Id.* at 875. The court held that the policy language was unambiguous and required severance of the respective body part, a place designated by the policy.

Snell's argument that the policy language is ambiguous and can be construed to cover his injuries fails. The provision is not ambiguous. It clearly defines the term "loss" with regard to hands and feet to mean "actual severance." It is not a reasonable construction of the language to interpret such loss as severance of another body part, which results in an inability to use one's hands or feet. Therefore, severance of Snell's spinal cord

did not constitute an "actual severance" loss of his hands or feet.

Snell's injuries to his spinal cord, while tragic, were not covered by the accidental death and dismemberment insurance policy.

AFFIRMED.