**Gregory OSBORNE, Plaintiff–Appellant,**

v.

**GORDON & SCHWENKMEYER CORP.; et al., Defendants–Appellees.**

No. 00–55435.

D.C. No. CV–99–00252–DOC.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.[*]

Decided May 29, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM [**]

Gregory Osborne appeals pro se the district court's summary judgment in favor of defendants in his breach of contract and employment discrimination action, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, alleging harassment and discrimination because of his gender, sexual orientation and disability. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order granting summary judgment. Sorosky v. Burroughs Corp., 826 F.2d 794, 798 (9th Cir.1987). We affirm.

The district court properly granted defendant Women's Campaign Fund's ("WCF") motion for summary judgment because Osborne failed to provide evidence that WCF was his employer. See Morgan v. Safeway Stores, Inc., 884 F.2d 1211, 1213–15 (9th Cir.1989).

Because Osborne failed to present aggravating factors sufficient to establish a claim for constructive discharge, the district court properly granted summary judgment on Osborne's breach of contract claims. See Brooks v. City of San Mateo, 229 F.3d 917, 930–31 (9th Cir.2000).

Because discrimination on the basis of sexual orientation does not subject an employer to liability under Title VII, the district court properly granted summary judgment on this claim. See DeSantis v. Pac. Tel. & Tel. Co., 608 F.2d 327, 329–30 (9th Cir.1979).

Contrary to Osborne's contention, the district court did not have subject matter jurisdiction over his disability discrimination claim because he failed to exhaust administrative remedies. See EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir.1994).

Because Osborne's evidence is insufficient to establish an adverse employment action, see Ray v. Henderson, 217 F.3d 1234, 1243 (9th Cir.2000), and Osborne's evidence is insufficient to establish same-sex harassment, see Rene v. MGM Grand Hotel, 243 F.3d 1206, 1209–1210 (9th Cir. 2001), the district court properly granted summary judgment on his discrimination and harassment claims.

The district court did not abuse its discretion by denying Osborne's discovery motions because his requests exceeded the

---

[*] The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

scope of his complaint. *See Sorosky,* 826 F.2d at 805.

AFFIRMED.