Cynthia BEST, Plaintiff—Appellant,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS; W. Merkle, Warden, High Desert State Prison; Glover, Correctional Officer, High Desert State Prison; Folkman, Correctional Sergeant, High Desert State Prison; Berry, Correctional Sergeant, High Desert State Prison; Byers, Correctional Captain, High Desert State Prison; Novencido, Associate Warden, High Desert State Prison; Swilley, Correctiona Sergeant, High Desert State Prison; Orchard, Correctional Lieutenant, High Desert State Prison; Wright, Correctional Sergeant, High Desert State Prison; Wagner, Correctional Sergeant, High Desert State Prison; Abbney, Correctional Officer, High Desert State Prison, Defendants—Appellees.

No. 99–17217.
D.C. No. CV–97–01684–GAB/DAD.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 16, 2001.*

Decided May 31, 2001.

---

* Argued by Appellee. Submitted on the briefs as to Appellant, pursuant to Fed. R.App. P. 34(a)(2).

Before MAGILL,** FERNANDEZ, and KLEINFELD, Circuit Judges.

## MEMORANDUM ***

Cynthia Best appeals from the district court's grant of summary judgment in favor of her employer, the California Department of Corrections ("CDC"), on her Title VII sexual harassment and retaliation claims, and asserts for the first time on appeal that her complaint stated a claim for disparate treatment in violation of Title VII. We have jurisdiction under 28 U.S.C. § 1291, and for the reasons stated below, we affirm.

### I.

Cynthia Best began working for CDC in 1994 and was assigned to the High Desert State Prison in May 1996. Best brought a Title VII action against CDC on September 11, 1997, alleging that she had been subjected to a hostile work environment on the basis of gender and ethnicity,[1] and had suffered retaliation for her complaints of discrimination. On September 23, 1999, the district court granted summary judgment for CDC on all three of Best's claims. In doing so, the court concluded that Best had failed to present sufficient evidence that any alleged adverse employment action was causally related to her complaints of sexual harassment, and that she had not demonstrated that the conduct of which she complained was sufficiently severe or pervasive to create an objectively hostile work environment. Best appeals the district court's judgment as to her sexual harassment and retaliation claims, and

** Honorable Frank Magill, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Best is Native American.

raises for the first time a disparate treatment sex discrimination claim.

## II.

### A. Sex Discrimination

#### 1. Sexual Harassment

We review the district court's order granting summary judgment de novo, viewing the evidence in the light most favorable to Best. *See Rene v. MGM Grand Hotel, Inc.,* 243 F.3d 1206, 1207 (9th Cir.2001). "To state a claim under Title VII, sexual harassment 'must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Ellison v. Brady,* 924 F.2d 872, 876 (9th Cir.1991) (citation omitted). To prevail under a hostile environment claim, a plaintiff must show that the environment was both objectively and subjectively hostile, that is, that (1) a reasonable person would find the environment hostile or abusive and (2) the victim subjectively perceived her environment to be abusive. *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21–22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Brooks v. City of San Mateo,* 229 F.3d 917, 924 (9th Cir.2000) (holding that the victim's allegation that an incident of harassment "pervaded her work environment to such a degree that she required psychological help and even then was unable to successfully return to her job" satisfied the subjective element).

Here, Best asserts that she felt she lacked the support of her supervisors and fellow correctional officers, and that the stress she endured as a result of her perceived mistreatment caused her to file an application for disability retirement. Accordingly, under *Brooks,* Best has alleged sufficient facts to support the subjective portion of her hostile work environment claim, and we are left to determine whether her perception was objectively reasonable.

"[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris,* 510 U.S. at 23. Simple teasing, offhand comments, and isolated incidents (unless extremely serious) do not amount to discriminatory changes in the terms and conditions of employment. *Faragher v. City of Boca Raton,* 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1463 (9th Cir.1994). *Faragher* emphasized that "conduct must be extreme to amount to a change in the terms and conditions of employment." 524 U.S. at 788. Furthermore, it is clear that though harassing conduct or language need not be sexual in nature in order to state a hostile work environment claim under Title VII, the harassment must be based on the victim's gender. *See Hocevar v. Purdue Frederick Co.,* 223 F.3d 721, 737 (8th Cir. 2000); *cf. Ellison,* 924 F.2d at 875 n. 4.

Though Best cites numerous incidents of perceived mistreatment, she provides no evidence in support of her contention that this alleged mistreatment was based on her sex. Nothing about the instances of alleged harassment, either before or after her complaints, suggests that Best was harassed due to her gender. Furthermore, the conduct Best describes was not sufficiently severe or pervasive to alter the conditions of her employment or create an abusive working environment.

In *Kortan v. California Youth Authority,* 217 F.3d 1104 (9th Cir.2000), this court

found that a supervisor's offensive comments, such as using the terms "regina," "madonna," and "castrating bitch" to describe former employees, were not sufficiently frequent, severe, or abusive to interfere unreasonably with the plaintiff's employment. *Id.* at 1110–11. *Kortan* distinguished several cases in which this court concluded a hostile environment existed. *See Montero v. Agco Corp.,* 192 F.3d 856 (9th Cir.1999) (finding a hostile environment where a supervisor made crude gestures, told plaintiff he had sexual dreams about her, and tried to put his head between her knees, and another employee made vulgar remarks and placed notes on plaintiff's desk telling her to take off all her clothes); *Anderson v. Reno,* 190 F.3d 930 (9th Cir.1999) (harassment was severe and pervasive where plaintiff endured eight years of sexually-harassing incidents, including being referred to by her supervisor as the office sex goddess, receiving vulgar notes, being patted on the buttocks, and finding a drawing of a pair of breasts labeled "Operation Cupcake" at a presentation she was to make); *Draper v. Coeur Rochester, Inc.,* 147 F.3d 1104 (9th Cir.1998) (finding a hostile environment existed where supervisor made sexual remarks about plaintiff over two-year period, told her about his sexual fantasies, told other employees it would be fun to get into her pants, and used the loudspeaker to ask her whether she needed help changing clothes); *EEOC v. Hacienda Hotel,* 881 F.2d 1504 (9th Cir.1989), *overruled on other grounds, Burrell v. Star Nursery, Inc.,* 170 F.3d 951 (9th Cir.1999) (holding that repeated vulgarities, sexual remarks, and requests for sexual favors by a supervisory employee subjected employees to severe and pervasive sexual harassment that seriously tainted the working environment).

As in *Kortan,* the conduct alleged by Best simply does not rise to this order of magnitude. The district court correctly concluded that Best had identified neither conduct so severe nor any pattern of abuse so pervasive as to alter her conditions of employment. Though she may have subjectively believed herself to be the victim of discrimination because of her gender, she has proffered no evidence that supports this assertion. Accordingly, the district court correctly granted summary judgment for CDC as to Best's sexual harassment claim.

### 2. Disparate Treatment

Best argues for the first time on appeal that the district court erred in failing to consider separately her claims of gender discrimination, based upon her assertions that she was denied assignments or had her duties limited because of her gender. The district court concluded that though Best alleged several adverse employment actions that might properly form the basis for a distinct claim of disparate treatment, her papers did not assert such a claim independent of her sexual harassment claim. Claims ordinarily may not be raised for the first time on appellate review. *United States v. Flores–Payon,* 942 F.2d 556, 558 (9th Cir.1991). "To have been properly raised below, 'the argument must be raised sufficiently for the trial court to rule on it.'" *Broad v. Sealaska Corp.,* 85 F.3d 422, 430 (9th Cir.1996) (citation omitted). Here, Best asserted no independent disparate treatment claim below, instead relying solely on a hostile work environment harassment theory of discrimination. In providing examples of the alleged harassment, Best presented conduct that might conceivably have formed the basis for an independent disparate treatment claim. However, she made no such claim, and thus the district court was not presented with the disparate treatment argument sufficiently to rule upon it.

Even had Best raised an independent claim for disparate treatment discrimination in her complaint, the record contained insufficient evidence for a reasonable jury to find that Best had suffered such discrimination. In support of her hostile work environment claim, Best identified several incidents that also might have formed the basis of a disparate treatment sex discrimination claim, including two incidents in which she was instructed not to respond to alarms, the failure to promote her to the Acting Correctional Counselor I position for which she applied, and the failure to move her immediately to a position in which she would have no contact with inmates.[2]

■ To state a prima facie case of disparate treatment, a plaintiff must show that (1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably. *Sischo–Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1109 n. 7 (9th Cir.1991); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Once the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate nondiscriminatory reasons for the allegedly discriminatory conduct. *Sischo–Nownejad*, 934 F.2d at 1109. The employer's articulation of a facially nondiscriminatory reason shifts the burden back to the plaintiff to show that the employer's reason was a pretext for discrimination. *Id.*

■ Addressing each instance of purported disparate treatment in turn, we first consider the two instances in which Best was instructed not to respond to an alarm, while male officers were permitted to do so. Best, as a female, is a member of a protected class. The next two elements of the prima facie case are less clear, but we assume for the purposes of decision that Best was performing up to CDC's legitimate expectations and that the refusal to let her respond to an alarm constituted an adverse employment action. Nevertheless, Best failed to provide any evidence that the male officers who were permitted to respond to the alarms were similarly situated or, in fact, any evidence beyond mere allegation. "A party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials in pleadings, but 'must set forth specific facts showing that there is a genuine issue for trial.'" *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 518 (9th Cir.1993) (citation omitted). Accordingly, Best failed to establish a prima facie case of gender discrimination based on the two instances in which she was instructed not to respond to an alarm.

■ Best next asserts that CDC improperly rejected her application for the available Acting Correctional Counselor I position. Assuming that Best has established a prima facie case of sex discrimination in this instance,[3] the burden shifts to CDC to present a legitimate nondiscriminatory reason for denying Best the promotion. CDC successfully articulates such a reason, that is, that Best had less than two years of experience as a Correctional

---

**2.** Best also expends a significant portion of her brief detailing the sexual harassment suffered by a former female CDC correctional officer, Marci Prater. As Best nowhere alleges that there was a pattern or practice of gender discrimination at CDC, her attempt to use Prater's experiences in support of her own sexual harassment claim fails.

**3.** We note that a qualified female candidate eventually filled the position.

Officer, and thus was unqualified for the Correctional Counselor position. Best entirely fails to show that this asserted reason was a pretext for gender discrimination; therefore, CDC's failure to promote her may not form the basis of her claim.

██ Finally, Best cites CDC's failure to reassign her immediately in response to her perception that she was in danger from a group of inmates. Again, the first element of the *McDonnell Douglas* analysis is met—Best is a member of a protected class. We assume that Best was performing up to expectations and that failure to reassign is an adverse employment action. However, to satisfy the element that other similarly situated employees were treated more favorably, Best offers only the conclusory statement that "[i]n similar situations, male officers who are the subject of such threats are routinely reassigned to job positions that do not bring them into direct physical contact with inmates until such time as the threat has abated." Given that Best has not presented a scintilla of evidence in support of this statement, she has failed to establish a prima facie case of sex discrimination on the basis of CDC's failure immediately to reassign her.[4]

Best attempts to justify her failure to present evidence in support of her allegations by stating that "[t]he motivation of the defendant and its supervisors in their actions toward Plaintiff may be shown inferentially and circumstantially, especially since the Defendant and its agents are the ones in possession of that knowledge." However, given the multitude of avenues of discovery available to her, Best's failure to provide evidence of disparate treatment beyond her own bare assertions are fatal to her disparate treatment claim. Even if her claim was properly raised before the district court, she has failed to establish a prima facie case of disparate treatment gender discrimination.

## B. Retaliation

██ An employer violates Title VII by retaliating against an employee who has "opposed any practice made an unlawful employment practice" under Title VII. 42 U.S.C. § 2000e–3(a) (2000). The order and allocation of proof for Title VII disparate treatment cases outlined in *McDonnell Douglas* also governs actions for retaliatory discharge under section 704(a). *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 730 (9th Cir.1986). To establish a prima facie case of discriminatory retaliation, Best must show that (1) she engaged in activity protected under Title VII, (2) her employer subjected her to an adverse employment action, and (3) the employer's action is causally linked to the protected activity. *See Yartzoff v. Thomas,* 809 F.2d 1371, 1375 (9th Cir.1987). Best need not prove that the employment practice at issue was in fact unlawful under Title VII; it is sufficient that she had a "reasonable belief" that the employment practice she protested was prohibited under Title VII. *See Trent v. Valley Elec. Assoc., Inc.,* 41 F.3d 524, 526 (9th Cir.1994).

It is uncontroverted that Best's formal and informal complaints to both prison authorities and state and federal agencies constituted protected activity under Title VII's retaliation provision. *See* 42 U.S.C. § 2000e–3(a); *Hacienda Hotel,* 881 F.2d at 1514. However, Best has failed to demonstrate that her employer subjected her to an adverse employment action in retaliation for that protected activity. Best's retaliation claim rests upon numerous alleged incidents of harassment, including the "keying" of her car and various insult-

4. We note that this court has held that, in a Title VII case, personnel decisions by prison officials exercising their professional judg-

ment are entitled to deference. *Robino v. Iranon,* 145 F.3d 1109, 1110 (9th Cir.1998).

ing comments and name-calling by her co-workers and supervisors. This court has recognized that retaliatory harassment, if sufficiently severe, may constitute "adverse employment action" for purposes of a retaliation claim. *Ray v. Henderson,* 217 F.3d 1234, 1245 (9th Cir.2000). Such harassment is actionable only if it is " 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.' " *Id.* (citation omitted). Although not every insult or harassing comment constitutes a hostile work environment, repeated derogatory or humiliating statements may do so. *Id.*

None of the various incidents of alleged harassment cited by Best were sufficiently severe or pervasive to alter the conditions of her employment. Accordingly, she has failed to demonstrate that she suffered an adverse employment action that would satisfy the requirements for a claim of retaliation under Title VII. Therefore, we need not address whether there was a causal connection between Best's protected activity and the alleged incidents of harassment.

Because Best did not demonstrate that she suffered an adverse employment action as a result of her protected conduct, the district court correctly granted summary judgment for CDC on Best's Title VII retaliation claim.

### III.

Based upon the foregoing, we hereby AFFIRM the judgment of the district court.