# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1104

_____

Mark Horton

*Plaintiff - Appellant*

v.

Midwest Geriatric Management, LLC

*Defendant - Appellee*

------------------------------

Equal Employment Opportunity Commission; State of Iowa; State of Minnesota; State of California; State of Connecticut; State of Hawaii; State of Maryland; State of Massachusetts; State of New Jersey; State of New Mexico; State of New York; State of Oregon; State of Vermont; State of Virginia; State of Washington; District of Columbia; Kargo; State of Illinois; 9 to 5 National Association of Working Women; A Better Balance; AdRoll, Inc.; Airbnb; American Association of University Women; American Civil Liberties Union; American Civil Liberties Union of Missouri; Anti-Defamation League; BASF Corporation; Bend the Arc; CBS Corporation; Caldwell Partners; California Women's Law Center; Central Conference of American Rabbis; Christopher Street Financial; Citrix Systems, Inc.; City National Bank; Clockwork; Coalition of Labor Union Women; Columbia Law School Sexuality and Gender Law Clinic; Deutsche Bank; Diageo North America, Inc.; Diversified Health and Wellness Center, LLC; DoorDash, Inc; Dropbox, Inc.; Eastern Bank; Edelman; Equal Rights Advocates; Feminist Majority Foundation; FiftyThree, Inc.; Freedom for All Americans Education Fund; GLBTQ Legal Advocates and Defenders; Gender Justice; Gusto; Hindu American Foundation; IAC/InterActiveCorp; Interfaith Alliance Foundation; KEO Marketing Inc.; Legal Momentum; Legal Voice; Levi Strauss & Company; Linden Research, Inc.; Lyft; MassMutual; Mapbox; Microsoft Corporation; Morgan Stanley; NIO U.S.; National Center for Lesbian Rights; National Council of Jewish Women; National Gay & Lesbian Chamber of Commerce; National Organization for Women Foundation; National Partnership for Women and Families; National

Women's Law Center; OBOX Solutions; Out Leadership; Paypal Holdings Inc; Pinterest; RBC Bank (Georgia); RBC Capital Markets, LLC; Replacements, Ltd.; Rhapsody International Inc; Royal Bank of Canada; Southwest Women's Law Center; St. Louis and Kansas City Missouri Chapters of the National Employment Lawyers Association; The Estee Lauder Companies; Thumbtack, Inc.; Ultragenyx Pharmaceutical Inc.; Viacom, Inc.; Witeck Communications; Women Employed; Women of Reform Judaism; Women's Law Center of Maryland, Inc.; Women's Law Project; eBay; Salesforce.com, Inc.

*Amici on Behalf of Appellant*

The Becket Fund for Religious Liberty; State of Arkansas; State of Louisiana; State of Missouri; State of Nebraska; State of Oklahoma; State of South Dakota; State of Texas

*Amici on Behalf of Appellee*
————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
————————

Submitted:  April 17, 2019
Filed: July 6, 2020
[Published]
————————

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.
————————

PER CURIAM.

Mark Horton sued Midwest Geriatric Management, LLC, after it allegedly withdrew his job offer upon learning that he was gay.  He claimed that this act constituted sex discrimination under Title VII.  *See* 42 U.S.C. § 2000e-2(a)(1) (prohibiting a "refus[al] to hire . . . any individual . . . because of such individual's . . . sex").  The district court, relying on our precedent, dismissed the case.  *See Williamson v. A.G. Edwards & Sons, Inc.*, 876 F.2d 69, 70 (8th Cir. 1989) (per

2

curiam) ("Title VII does not prohibit discrimination against homosexuals."); *see also* Fed. R. Civ. P. 12(b)(6).

We stayed Horton's appeal pending the Supreme Court's consideration of the "scope of Title VII's protections for homosexual and transgender persons." *Bostock v. Clayton Cty.*, 590 U.S. ___, Nos. 17-1618, 17-1623, 18-107, slip op. at 4 (June 15, 2020); *see Bostock v. Clayton Cty.*, 139 S. Ct. 1599 (Apr. 22, 2019) (order granting the petition for a writ of certiorari). In its decision, the Court held that it "defies" Title VII for "an employer to discriminate against employees for being homosexual or transgender," because to do so, it "must intentionally discriminate against individual men and women in part because of sex." *Bostock*, 590 U.S. at ___, slip op. at 12, 33. In light of this holding, our contrary conclusion in *Williamson* is no longer good law.

We accordingly reverse the judgment of the district court and remand for further proceedings in light of *Bostock*.[1]

_____

---

[1] Horton alleged two other claims: religious discrimination under Title VII and fraudulent inducement. Only the former, which the district court described as "a repackag[ing]" of his sex-discrimination claim, is before us on appeal. (Citation omitted). This claim, too, warrants another look in light of *Bostock*.